# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JULIE A. PRINCE,

    Plaintiff,

v.

U.S. Bancorp NATIONAL ASSOCIATION,

    Defendant.

Case No. 2:09-CV-01095-KJD-PAL

**ORDER**

    Currently before the Court is Defendant's Motion for Summary Judgment (#32). Plaintiff Julie A. Prince ("Prince") filed a Response in Opposition (#35), to which Defendant filed a Reply (#41).

**I. Background**

    The Plaintiff alleges that she entered into a mortgage agreement on her home with Aegis Funding Corporation in November, 2005. (See #13 at 3.) After a period of time, Plaintiff defaulted on the loan, which was serviced by another entity, America Servicing Company ("ASC"). (See id. at 4.) Plaintiff entered into a number of forbearance agreements with ASC, and "strictly follow[ed]" the payment schedule under the forbearance. (See id.)

    After a period of time, however Plaintiff once again fell into arrears. On October 27, 2008, Plaintiff received a letter stating that her home would be sold on November 8, 2008. (See id.) In response, Plaintiff called ASC and agreed to wire $5,781.97—the amount required to bring her account current—by November 4, 2008, and also negotiated yet another forbearance agreement over the phone. (See id.) ASC promised to send a written copy of the forbearance agreement to Plaintiff, but when it arrived, it allegedly did not match the terms that Plaintiff had previously agreed to. (See id.) When alerted to this discrepancy, ASC promised to send another copy of the agreed-upon

1    forbearance, but never did so. (See id. at 4–5.) Plaintiff nevertheless wired the $5,781.97 on

2    November 4. (See id. at 4.)

3        In the meantime, Defendant U.S. Bancorp had purchased the loan. (See id. at 2.) Defendant

4    eventually placed a "Notice to Evict" on Plaintiff's door, followed up by a "3 Day Notice to Quit."

5    (See id. at 5.) Plaintiff alleges that only then did she realize that ASC had foreclosed on her home.

6    (See id.) Plaintiff filed suit against Defendant in Nevada State Court, and Defendant filed a Notice

7    of Removal (#1) with this Court on the grounds of diversity and federal question jurisdiction. (See

8    #1 at 2–3.)

9        Plaintiff later filed an Amended Complaint alleging eleven separate causes of action: (1)

10   Failure to adapt effective collection techniques to minimize defaults in mortgage payments under 24

11   C.F.R. §§ 203.600 and 203.606; (2) Failure to arrange a face-to-face meeting with Plaintiff under 24

12   C.F.R. § 203.604; (3) Failure to adapt collection and servicing policies according to Plaintiff's

13   individual circumstances as required by 24 C.F.R. § 203.605; (4) Failure to evaluate loss mitigation

14   techniques as required by 24 C.F.R. § 203.605; (5) Failure to comply with the Truth in Lending Act

15   ("TILA") under 15 U.S.C. §§ 1635 and 1640; (6) Breach of contract; (7) Violations of the Real

16   Estate Settlement Procedures Act ("RESPA") under 12 U.S.C. § 2605; (8) Violations of the Fair

17   Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692; (9) Unjust enrichment;

18   (10) Deceptively concealing U.S. Bancorp's purchase of the mortgage loan; and (11) Violation of

19   Nevada's mandatory notice provisions under NRS 107.080. (See generally #13.)

20       On August 25, 2010, the Court entered an Order (#36) granting in part, Defendant's Motion

21   to Dismiss, in which six of the Plaintiff's ten claims were dismissed. Defendant's instant Motion

22   seeks that the Court grant summary judgment pursuant to Rule 56 for Plaintiff's remaining claims:

23   (1) Breach of Written Contract; (2) RESPA; (3) FDCPA; and (3) N.R.S. Chapter 107. In its Order of

24   September 25, 2010, the Court declined to take judicial notice of non-public documents presented by

25   Defendant, but stated that it was "willing to consider Defendant's exhibits on a proper motion for

26

1    summary judgment" (#36 at 5, n.5.)  Defendant has attached said exhibits and others to its current

2    summary judgment pleadings.[1]

3    **II. Summary Judgment Standard**

4            The Court should grant summary judgment "if the pleadings, the discovery and disclosure

5    materials on file, and any affidavits show that there is no genuine issue as to any material fact and

6    that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c)(2); see also,

7    Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of

8    showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at 323.

9            The burden then shifts to the nonmoving party to set forth specific facts demonstrating a

10   genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

11   587 (1986); Fed. R. Civ. P. 56(e).  "[U]ncorroborated and self-serving testimony," without more, will

12   not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha

13   Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).  Summary judgment shall be entered "against a

14   party who fails to make a showing sufficient to establish the existence of an element essential to that

15   party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.

16           "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is

17   insufficient to create a genuine issue of material fact."  F.T.C. Publishing Clearing House, Inc., 104

18   F.3d 1168, 1171 (9th Cir. 1997).  Therefore, vague and unsubstantiated testimony, even when given

19   under oath, will not preclude summary judgment.  "When a motion for summary judgment is

20   properly made and supported, an opposing party may not rely merely on allegations or denials in its

21   own pleading; rather, its response must— by affidavits or as otherwise provided in this rule— set out

22   specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).

23

24

25   _____

26           [1]It is undisputed that Plaintiff has not made any mortgage or rental payments to ASC or U.S. Bancorp in over
     two years. (Doc. #32 ¶¶ 16, 22 (last payment on November 4, 2008), Doc. #35 at 4 ("Plaintiff withheld her payments").)

1    **III. Discussion**

2        **A. Breach of Written Contract**

3        Defendant seeks that the Court grant summary judgment on Plaintiff's claim for breach of

4    contract, averring that Plaintiff can present no facts supporting her general allegation that U.S.

5    Bancorp should be held vicariously liable for the alleged wrongdoing of ASC.  In its Order of August

6    25, 2010, the Court denied dismissal of Plaintiff's breach of contract claim, finding that Plaintiff had

7    sufficiently alleged the existence of a written mortgage agreement, particular interest rates, the

8    assessment of unknown fees and charges to her account, and that she paid money that was applied to

9    those fees and charges. (See #36 at 8.)

10        In response to Defendant's instant Motion however, Plaintiff fails to present any evidence

11    that identifies the nature of the alleged "improper fees and charges" or the particular provisions of

12    any written agreements that provide for such improper fees and charges.  Plaintiff also fails to present

13    any specific facts regarding alleged non-compliance with the original mortgage agreement and

14    focuses exclusively on the terms of the forbearance agreement.  Though the allegations of the

15    Complaint were sufficient to survive dismissal, Plaintiff's Response to Defendant's Motion for

16    Summary Judgment is conclusory and lacks detail.  Overall, Plaintiff fails to establish the existence a

17    breach of contract claim against U.S. Bancorp.  Accordingly, the Court finds that Defendant's

18    Motion for Summary Judgment of Plaintiff's breach of contract claim should be granted.

19        **B. RESPA**

20        Defendant seeks that the Court grant summary judgment on Plaintiff's RESPA claim,

21    alleging that Plaintiff has never offered documentation in support of her contention that she delivered

22    a Qualified Written Request to U.S. Bancorp pursuant to RESPA, and that Plaintiff has failed to

23    present any evidence that U.S. Bancorp can be liable under RESPA as a successor in interest to ASC.

24    The Court agrees.  In response to Defendant's argument, Plaintiff fails to produce any evidence in

25    support of her theory that U.S. Bancorp is liable as a successor-in-interest to ASC.  Additionally,

26    Plaintiff concedes that she did not send a Qualified Written Request to ASC and provides no

1   evidence to demonstrate that any third party sent such a request to ASC.  Accordingly, the Court

2   finds that Defendant's Motion for Summary Judgment should be granted as to Plaintiff's RESPA

3   claim.

4       **C. FDCPA**

5       Defendant seeks that the Court grant summary judgment as to Plaintiff's FDCPA claim,

6   arguing that Plaintiff has failed to present sufficient facts to demonstrate that U.S. Bancorp violated

7   the Statute.  In its Order of August 25, 2010, the Court denied dismissal of Plaintiff's FDCPA claim

8   upon finding that it was plausible for a successor in interest to be held liable on a prior debt

9   servicer's actions, and that the question of successor liability may present sufficient factual questions

10  to overcome Rule 12(b)(6) dismissal.  (See #36 at 10.)

11      Defendant's instant Motion avers that Plaintiff has presented no facts or law that support a

12  finding of vicarious liability upon U.S. Bancorp for the alleged wrongdoing of ASC or Aegis.  The

13  Court agrees.  While a successor in interest may be held liable on a prior debt servicer's actions,

14  Plaintiff here has failed to present any evidence that U.S. Bancorp assumed responsibility (either

15  impliedly or expressly) for the actions of ASC or Aegis.  U.S. Bancorp is the only named defendant

16  in this action, and Plaintiff admits that Aegis originated her loans, and that ACS serviced the loans.

17  (See #13 at ¶¶ 6, 10–11.)

18      Additionally, Plaintiff has failed to present evidence establishing that U.S. Bancorp actually

19  is a successor-in-interest of ASC or evidence regarding the amounts or the nature of the allegedly

20  improper fees, interest and costs that were misrepresented to Plaintiff.  Though Plaintiff makes

21  general reference to the documents attached to Defendant's Motion, Plaintiff has never presented any

22  facts (or even sought discovery) to demonstrate that any of the documents U.S. Bancorp allegedly

23  delivered to Plaintiff contained false representations.  (See #32 at Ex. A-3).  Without evidence of a

24  misrepresentation, Plaintiff cannot recover under her FDCPA claim and there is no issue for trial.

25  Accordingly, the Court finds that summary judgment should be granted as to Plaintiff's FDCPA

26  claim.

1    **D. N.R.S. Chapter 107**

2    Defendant seeks that the Court grant summary judgment as to Plaintiff's claim brought under

3    N.R.S. Chapter 107.080, averring that Plaintiff has failed to produce evidence in support of her

4    general allegation that she did not receive proper notice of foreclosure.  The Court agrees.  Not only

5    has Plaintiff failed to present any facts to support her claim that U.S. Bancorp violated Nevada's

6    Mandatory Foreclosure Notice Provisions, but U.S. Bancorp has attached exhibits that establish that

7    statutory notices were, in fact, mailed and recorded by National Default Servicing Corporation as

8    required by NRS Chapter 107.   Accordingly, the Court finds that Defendant's Motion for Summary

9    Judgment should be granted as to Plaintiff's NRS Chapter 107 claim.

10   **IV. Conclusion**

11   **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (#32) is

12   **GRANTED**.  Judgment to be entered on behalf of Defendant.

13   DATED this 21st day of March 2011.

14

15

16   _____

17   Kent J. Dawson
     United States District Judge

18

19

20

21

22

23

24

25

26

6